UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEON PULLEN, ) | CASE NO. 4: 25 CV 611 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | OPINION AND ORDER |
| WARDEN IAN M. HEALY, ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Leon Pullen has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner is a federal prisoner incarcerated at FCI Elkton in connection with a sentence imposed in the Eastern District of Missouri. In his Petition, he challenges the Bureau of Prisons's "application of First Step Act Time Credits" to his sentence. (*Id.* at ¶6.) He contends the BOP has not correctly calculated his release date, and he seeks "immediate release to pre-release custody." (*Id.* at ¶15.)

Federal District Courts must conduct an initial review of Habeas Corpus Petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A Court must deny a Petition "if it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 Petitions pursuant to Rule 1(b)).

Upon review, the Court finds that the Petition must be dismissed. In order to avoid a summary dismissal, a Petition for a Writ of Habeas Corpus must set forth facts sufficient to give rise to a cause of action under federal law. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). The Petition on its face is conclusory and does not set forth facts from which a plausible inference could be drawn that the Bureau of Prisons has erroneously calculated, or refused to afford, Petitioner credits to which he is entitled under the First Step Act, or that he is entitled to immediate release.

Moreover, even if the Petition were sufficient to demonstrate that the Bureau of Prisons has misapplied credits to his sentence, before seeking habeas corpus relief under § 2241, a federal prisoner must exhaust his administrative remedies with the Bureau of Prisons. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231–33 (6th Cir. 2006). Exhaustion requires a prisoner to attempt informal resolution with prison staff, pursue a written complaint with the Warden, and, if necessary, file appeals with the Regional Director of the Bureau of Prisons and then the Office of the General Counsel. *Chastain v. Williams*, No. 4:20-cv-1036, 2020 WL 5994519, at *3 (N.D. Ohio Oct. 9, 2020). "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Exhaustion is excused only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

Here, Petitioner concedes he has not exhausted his remedies with the Bureau of Prisons. He states exhaustion should be excused because "the Administrative Remedy process will take longer than [his] correctly calculated release date." (Doc. No. 1 at ¶7.) The Court, however, does not find

he has demonstrated exceptional circumstances excusing exhaustion. Petitioner must pursue his request for sentence credit with the Bureau of Prisons. Only then, if he disagrees with the Bureau's determination of his sentence credits, can he petition the Court to examine the matter. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). "It is settled law that this issue is not ripe for review until the Bureau of Prisons has ruled on a defendant's request for credit." *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996); *see also Washington v. Bureau of Prisons*, No. 1:19-cv-1066, 2019 WL 6255786, at *3 (N.D. Ohio July 3, 2019) (agreeing "with the sound reasoning of other district courts that Petitioner must first exhaust his administrative remedies before bringing a § 2241 petition, and that the provisions of the First Step Act do not alter this requirement or render the requirement futile"), report and recommendation adopted, 2019 WL 6251777 (N.D. Ohio Nov. 22, 2019).

**Conclusion**

For the foregoing reasons, the Court DENIES the Petition and DISMISSES this action pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. The dismissal is without prejudice to Petitioner's filing a new petition in a new case following complete exhaustion of his administrative remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE